# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIAN GUILLE, | |
| Plaintiff, | Civ. No. 18-1472 (PGS-TJB) |
| v. | |
| STEVEN JOHNSON, et al., | OPINION |
| Defendants. | |

**PETER G. SHERIDAN, U.S.D.J.**

1. Adrian Guille seeks relief from this Court's order requiring him to provide a six-month prison account statement for his *in forma pauperis* application. (ECF No. 3). For the following reasons, the motion is denied.

2. Plaintiff is currently incarcerated in New Jersey State Prison ("NJSP") Trenton, New Jersey. He submitted a complaint on January 28, 2018 raising various claims against prison officials, including excessive force, denial of medical care, retaliation, and conditions of confinement.

3. Plaintiff did not pay the $350 filing fee and $50 administrative fee required for filing civil rights complaints, nor did he submit a complete *in forma pauperis* application as he did not include a six-month prison account. *See* 28 U.S.C. § 1915(a)(2).

4. The Court administratively terminated the complaint on February 23, 2018 and instructed the Clerk of the Court to send Plaintiff an *in forma pauperis* application. (ECF No. 2). The Court instructed Plaintiff to pay the filing and administrative fees or submit a complete application, including 6-month account statement, and informed Plaintiff the matter would be reopened upon submission of the appropriate fees or complete *in forma pauperis* application.

5. On March 28, 2018, Plaintiff moved to alter, amend, or reconsider that decision. (ECF No. 3). He claims his complaint included allegations of imminent physical danger, entitling him to an exception to the account statement requirement. He further claims he has been denied notary services in NJSP, making it impossible to get an account statement.

6. He requests the Court permit him to proceed *in forma pauperis* based on his own declaration of indigency.

7. Local Civil Rule 7.1 allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993).

8. To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. The word 'overlooked' is the operative term in the Rule." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F.

2

Supp. 2d 475, 478 (D.N.J. 2014) (internal citations and quotation marks omitted). Mere disagreement with the Court's decision is not a basis for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

9. The Court has reviewed the documents submitted with Plaintiff's complaint and has found no declaration of indigency among them. The documents docketed along with the 44-page complaint are: a 1-page list of defendants; a 6-page complaint form; a 1-page table of contents;[1] a 4-page table of authorities; a 1-page certificate of service; a 5-page motion for temporary restraining order; a 15-page memorandum of law; and a 1-page civil cover sheet. Thus at the time the Court made its decision, there was no *in forma pauperis* application or affidavit of indigency to review. The Court cannot be said to have overlooked something that was not submitted.

10. Even if Plaintiff had submitted the affidavit with his complaint, the Court still would have administratively terminated the complaint and required him to submit a formal 6-month account statement or to submit a more detailed affidavit setting forth his efforts to obtain one.

11. As the Court stated in its administrative termination order, the Prison Litigation Reform Act of 1995("PLRA") establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

12. The 6-month statement is a statutory requirement under the PLRA. "A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . *shall submit a certified copy of the trust fund account*

---

[1] The table of contents references the *in forma pauperis* application, but it does not appear to have been submitted with the complaint. Plaintiff did include the application with his motion papers.

3

*statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."* 28 U.S.C. § 1915(a)(2) (emphasis added).

13. The exception cited by Plaintiff for imminent danger of serious physical injury does not apply to the account statement requirement; it only applies to the "three-strikes" provision of § 1915(g).[2] Therefore, even if the Court were to conclude Plaintiff had alleged imminent danger of serious physical injury, which it does not based on the facts alleged in the complaint, Plaintiff would still have to submit an account statement under the plain text of § 1915(a)(2).

14. Plaintiff's allegations that he is being denied notary services are unavailing as the account statement does not need to be notarized, just certified by the appropriate prison official.

15. The Court will deny the motion for reconsideration, but will provide Plaintiff with another *in forma pauperis* application. If he truly cannot obtain a certified prison account statement from the prison, he may return the application with an affidavit attesting to that fact under penalty of perjury.

16. The affidavit must include specific facts as to Plaintiff's efforts to obtain an account statement, including specifically from whom he asked for one, on what date(s) he asked and was denied an account statement, and what efforts he took to appeal the denials, if any. He should include copies of his filed grievances filed as well. (ECF No. 3 ¶ 3).

---

[2] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

17. An appropriate order follows

_____  7/3/18
PETER G. SHERIDAN
United States District Judge