UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ADRIAN GUILLE,

          Plaintiff,

v.

STEVEN JOHNSON, et al,

          Defendants.

Civil Action No. 18-1472 (PGS-TJB)

**MEMORANDUM ORDER**

Plaintiff is proceeding, *in forma pauperis*, with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 7). At this time, the Court must review the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, the Court will permit the complaint to proceed in part.

    1.    Plaintiff raises a variety of claims against prison officials at New Jersey State Prison ("NJSP") in Trenton, New Jersey including excessive force, unconstitutional conditions of confinement, retaliation, and denial of medical care.[1]

    2.    Plaintiff attempts to bring certain claims on behalf of all prisoners at NJSP. Plaintiff lacks standing to assert claims on behalf of other prisoners. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Plaintiff also has

---

[1] Plaintiff's complaint has several headings listing his allegations brought on behalf of the "class." The Court limits its review to the claims under the "Claims for Relief" heading. (ECF No. 48 at 44).

1

not demonstrated that he would be an adequate "class representative" under Fed. R. Civ. P. 23. ("Class Actions"). "When confronting such a request from a prisoner, Courts have consistently held that a prisoner acting pro se 'is inadequate to represent the interests of his fellow inmates in a class action.'" *Maldonado v. Terhune*, 28 F. Supp. 2d 284, 288 (D.N.J. 1998) (quoting *Caputo v. Fauver*, 800 F. Supp. 168 (D.N.J. 1992)). Accordingly, any claims brought on behalf of the class shall be dismissed without prejudice. (ECF No. 7 at 48 l.15).

3. Plaintiff's first claim alleges that Officers Martini, Piazza, and Sgt. Smith used excessive force against him in his cell. (*Id.* at 44 l.14). Accepting the facts alleged in the complaint as true for screening purposes only, the Court will permit this claim to proceed.

4. Plaintiff next alleges Sgt. Smith and unknown officers used excessive force against him in an elevator. (*Id.* at 44 l.19). The Court will permit this claim to proceed as well.

5. The Court will also permit Plaintiff's allegations that Sgt. Smith and others violated Plaintiff's Eighth Amendment rights when they refused to permit him to "decontaminate" from the pepper-spray and forced him to remain in the dirty clothing. (*Id.* at 44 l.22; 45 at l.1). Plaintiff also alleges various conditions of confinement claims against various defendants, but the Court will only permit the claim to proceed against Mr. Johnson, Sgt. Patterson, Sgt. Smith, Officer Martini, Officer Piazza, Officer Brodzinski, Officer Pedre, and Officer Jenkins. Plaintiff has not stated how the other named defendants participated in the alleged wrongdoings. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint is insufficient "if it tenders 'naked

2

assertion[s]' devoid of 'further factual enhancement.'" *Ibid.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

6. The Court will permit Plaintiff's retaliation claim against Sgt. Smith to proceed. (ECF No. 7 at 45 l.16).

7. The Court will permit Plaintiff's claims against Sgt. Smith and Steven Johnson arising out of the allegedly contaminated drinking water to proceed. (*Id.* at 46 ll.1-11).

8. The Court will dismiss Plaintiff's claims regarding the lighting, volume of announcements, and being housed with "psychotics." (*Id.* at 46 l.13). "The Eighth Amendment prohibits the unnecessary and wanton infliction of pain and deliberate indifference to serious medical needs." *Stewart v. Beard*, 417 F. App'x 117, 119 (3d Cir. 2011) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Prison conditions may amount to cruel and unusual punishment if they cause 'unquestioned and serious deprivations of basic human needs .... [that] deprive inmates of the minimal civilized measure of life's necessities.'" *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 417–18 (3d Cir. 2000) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)) (omission and alteration in original). "To demonstrate a deprivation of his basic human needs, a plaintiff must show a sufficiently serious objective deprivation, and that a prison official subjectively acted with a sufficiently culpable state of mind, i.e., deliberate indifference." *Id.* at 418.

9. "Conditions such as prison lighting will be acceptable where they are reasonably related to a legitimate penological interest." *Randolph v. Wetzel*, 987 F. Supp. 2d 605, 616 (E.D. Pa. 2013) (citing *Stewart*, 417 F. App'x at 120), *aff'd*, No. 17-2855, 2019 WL 949220 (3d Cir. Feb. 26, 2019). There are no facts in the complaint suggesting that NJSP's twenty-four hours a

day lighting, volume of announcements, and housing assignments were motivated by anything other than legitimate penological concerns.

10. The Court will permit Plaintiff's conditions of confinement claim alleging failure to remedy the vermin situation to proceed against Steven Johnson, David Richards, Raymond Royce, and Amy Emrich. (ECF No. 7 at 47 ¶.4).

11. The Court dismisses Plaintiff's claim for failure to implement a confidential hotline in accordance with the Prison Rape Elimination Act ("PREA"). (*Id.* at 47 ¶.10). "The Act authorizes funding for various prison rape prevention programs, including for protecting inmates by 'investigating incidents of prison rape' and 'prosecuting incidents of prison rape.'" *Walsh v. N.J. Dep't of Corr.*, No. 17-2442, 2017 WL 3835666, at *3 (D.N.J. Aug. 31, 2017) (quoting 42 U.S.C. § 15605(b)(1)(B)–(C)). "There is no provision in the PREA for an individual prisoner to enforce these standards . . . ." *Ibid.*

12. "The Supreme Court has held that where the language of a funding statute 'provide[s] no indication that Congress intend[ed] to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action.'" *Ibid.* (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002)) (alteration in original). Plaintiff therefore cannot bring a cause of action based on NJSP's alleged failure to comply with PREA by implemental a confidential reporting system, etc., without further facts as to how non-compliance with the statute created unconstitutional conditions of confinement. In other words, the mere fact that NJSP may not have strictly complied with PREA does not state an Eighth Amendment claim; Plaintiff must provide specific facts as to how non-compliance violated his constitutional rights.[2]

---

[2] The Court notes that Plaintiff does not allege he was the victim of a sexual assault.

4

13. Plaintiff has not stated a claim against Steven Johnson for failure to provide recreational opportunities, (ECF No. 7 at 47 l.22), because he has not stated any facts about Administrator Johnson's personal involvement. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A supervisory defendant may be liable if he, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Plaintiff does not allege Johnson was aware of the difficulties Plaintiff was having with receiving recreation time or that Johnson instituted the policy. (ECF No. 47 at 36 ll.2-10). This claim is dismissed without prejudice.

14. The Court will permit the claim against Sgt. Smith for being indifferent to Plaintiff's medical needs. (*Id.* at 48 l.2).

15. The Court will also permit Plaintiff's claim against "every officer" for their alleged failure to feed him over the course of a six-week period. (*Id.* at 48 l.4).

16. The Court will permit Plaintiff's denial of medical care claim against the unknown medical personnel and "pill-pass nurses" to proceed, but it will dismiss the failure to supervise claim against Mary Lang. (ECF No. 7 at 48 ll.7-14, l.23). Plaintiff has alleged no facts against defendant Lang supporting a failure-to-supervise claim against her, which is "considered a subcategory of policy or practice liability." *Barkes*, 766 F.3d at 316. Plaintiff must identify a supervisory policy or practice that Lang failed to employ, and provide sufficient facts that, if true, would show: "(1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the

policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure." *Id.* at 317 (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). "Normally, an unreasonable risk in a supervisory liability case will be shown by evidence that such harm has in fact occurred on numerous occasions. Similarly, deliberate indifference to a known risk will ordinarily be demonstrated by evidence that the supervisory official failed to respond appropriately in the face of an awareness of a pattern of such injuries." *Sample*, 885 F.2d at 1118.

17. "[T]he level of intent necessary to establish supervisory liability will vary with the underlying constitutional tort alleged." *Barkes*, 766 F.3d at 319. There are no facts in the complaint suggesting defendant Lang was deliberately indifferent to Plaintiff's medical needs.

18. The following defendants shall be terminated from the case because Plaintiff has not alleged personal involvement by them in his complaint: Sears; Thompson; Cassandra DeCristi; Mary Lang; Defillipo; Lawana Darden; Anna Piekarewicz; Mrs. Schmidt; Mrs. Echevarria; Sgt. DeJesus; Sgt. Johnson; Sgt. Defazio; Mrs. Adams; Sgt. Bezek; Sgt. Defarosa; Sgt. Aravena; Lt. Sangale; Lt. Lenz; Lt. Almanza; Jessica Smith; Ghandi Mavel; James Farley; Keisha Fisher; Ramika Stokes-Little; Shanna Montanez; Director John Doe; Dan DiBenedetti; Chelsea Hawkins; Mrs. Ryan; "MCU" Jane Doe; and Melissa Matthews.

19. The remaining defendants shall answer the complaint as set forth in this memorandum.

IT IS on this ____13____ day of ____May____, 2019,

**ORDERED** that all claims against defendants Sears; Thompson; Cassandra DeCristi; Mary Lang; Defillipo; Lawana Darden; Anna Piekarewicz; Mrs. Schmidt; Mrs. Echevarria; Sgt.

DeJesus; Sgt. Johnson; Sgt. Defazio; Mrs. Adams; Sgt. Bezek; Sgt. Defarosa; Sgt. Aravena; Lt. Sangale; Lt. Lenz; Lt. Almanza; Jessica Smith; Ghandi Mavel; James Farley; Keisha Fisher; Ramika Stokes-Little; Shanna Montanez; Director John Doe; Dan DiBenedetti; Chelsea Hawkins; Mrs. Ryan; "MCU" Jane Doe; and Melissa Matthews are hereby **DISMISSED WITHOUT PREJUDICE**, and are hereby **terminated** from the case; it is further

**ORDERED** that Plaintiff's claims brought on behalf of the "class" are the **DISMISSED WITHOUT PREJUDICE** for failure to state a claim; and it is further

**ORDERED** that the remaining claims shall **proceed** as set forth in the Memorandum Order; and it is further,

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[3]; it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

---

[3] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[4]; and it is finally

**ORDERED** that the Clerk of the Court shall send a Copy of this Order to Plaintiff by regular mail.

*/s/ Peter G. Sheridan*
Peter G. Sheridan, U.S.D.J.

---

[4] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.