**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIAN GUILLE, | |
| Plaintiff, | Civ. No. 18-1472 (PGS-ZNQ) |
| v. | |
| STEVEN JOHNSON, et al., | OPINION |
| Defendants. | |

### PETER G. SHERIDAN, U.S.D.J.

1.  Adrian Guille has filed a motion and request for leave to appeal this Court's order dismissing certain claims and defendants from his civil complaint without prejudice. (ECF No. 13). The Court construes this as a request for certification under 28 U.S.C. § 1292(b). For the following reasons, the motion is denied.

2.  Plaintiff is currently incarcerated in New Jersey State Prison ("NJSP") Trenton, New Jersey. He submitted a complaint raising various claims against prison officials, including excessive force, denial of medical care, retaliation, and conditions of confinement.

3.  On May 13, 2019, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2) and permitted the complaint to proceed in part. (ECF No. 10). The Clerk mailed Plaintiff US Marshal Form 285 to complete and return so service could be completed. (ECF No. 11).

4.  Plaintiff filed this motion and request for leave to appeal on June 11, 2019. (ECF No. 13). He argues the Court erred by (1) failing to read Plaintiff's claims against the supervisors liberally; (2) determining that Plaintiff was raising supervisory claims under the doctrine of

*respondeat superior*; (3) dismissing claims against Steven Johnson for failing for provide recreational opportunities; (4) determining that Plaintiff had not alleged personal involvement of certain defendants; (5) dismissing claims against Mrs. Echevarria based on lack of personal involvement; (6) holding Plaintiff to a higher pleading standard; (7) failing to read Plaintiff's complaint liberally (essentially a repeat of Ground 1); (8) reviewing only the claims listed under the "Claims for Relief" heading; (9) denying class certification; (10) failing to appoint plaintiff as interim counsel; (11) failing to to find that "[t]he claims of the representative parties is [sic] typical of the claims of the other class members . . . and in fact the vast majority of plaintiff's claims are typical of the claims of the entire class" (ECF No. 13-1 at 10); (12) failing to consider that certification is "particularly appropriate in the prison litigation context where only injunctive and declaratory relief are sought" (*Id.*); and (13) failing to note that other lawsuits have been "filed, litigated and won, or settled" regarding prison conditions. (ECF No. 13-1 at 11).

5. He also objects to the Court's failure to rule on his request to expedite his requests for a preliminary injunction and temporary restraining order. (*Id.* at 12).

6. "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b).

7. "The statute thus enunciates three criteria which must be met before an interlocutory appeal may be granted: the order from which appeal is taken must (1) 'involve a controlling question of law,' (2) be of a nature that an immediate appeal would 'materially advance the ultimate termination of the litigation,' and (3) 'offer substantial ground for

difference of opinion as to its correctness.'" *Urbach v. Sayles*, 779 F. Supp. 351, 353 (D.N.J. 1991) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir.), *cert. denied*, 419 U.S. 885 (1974)). "The Third Circuit has recognized that these requirements should be stringently observed." *Id.* (citing *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431, 433 (3d Cir.1958)).

8. "Whether to allow an interlocutory appeal of a non-final order is left to the discretion of the district court." *APCC Servs., Inc. v. Sprint Commc'ns Co., L.P.*, 297 F. Supp. 2d 90, 95 (D.D.C. 2003) (citing *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995)).

9. Plaintiff argues the Court has overlooked facts and legal issues raised in his complaint. These are arguments that can be addressed in Plaintiff's motion for reconsideration which is pending before the Court. (ECF No. 12). *See* Local Civ. R. 7.1(i) (allowing a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked").

10. The Court finds that Plaintiff does not meet the requirements of § 1292(b) for certification because an immediate appeal would not materially advance the ultimate termination of the litigation. The litigation has barely begun; Plaintiff has not even served defendants. An immediate appeal is unnecessary because the Court can address Plaintiff's arguments in his motion for reconsideration. Alternately, Plaintiff could file an amended complaint as the Court's dismissals were without prejudice. In either case, there are alternatives to an appeal on the arguments raised in Plaintiff's motion.

11. The Court declines to exercise its discretion to certify an appeal. An appropriate order follows.

PETER G. SHERIDAN
United States District Judge