# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIAN GUILLE, | |
| Plaintiff, | Civ. No. 18-1472 (PGS) (ZNQ) |
| v. | |
| STEVEN JOHNSON, et al., | OPINION |
| Defendants. | |

**PETER G. SHERIDAN, U.S.D.J.**

## I. INTRODUCTION

Plaintiff is a state inmate incarcerated at New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. On May 13, 2019, this Court screened the amended complaint and proceeded several claims, including claims of excessive force, failure to let plaintiff decontaminate himself from pepper-spray and forcing plaintiff to remain in dirty clothing, retaliation, claims related to contaminated drinking water and failure to remedy vermin, deliberate indifference to plaintiff's medical needs and failure to feed plaintiff.

On May 31, 2019, this Court received plaintiff's motion for reconsideration of the screening opinion coupled with plaintiff's request for the appointment of pro bono counsel. (ECF 12). For the following reasons, the motion for reconsideration will be denied. Plaintiff's request for the appointment of pro bono counsel will be denied without prejudice.

## II. DISCUSSION

A. <u>Motion for Reconsideration</u>

Local Civil Rule 7.1 allows a party to seek a motion for re-argument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked ...." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993).

To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. The word 'overlooked' is the operative term in the Rule." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (internal citations and quotation marks omitted). Mere disagreement with the Court's decision is not a basis for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Plaintiff asserts that this Court "overlooked" that prison officials keep spraying him with mace in retaliation for filing complaints. (*See* ECF 12 at 8). Plaintiff's amended complaint is fifty pages, includes a plethora of factual allegations as well as a section entitled "Claims for Relief." Plaintiff's allegations involving being sprayed with mace are within a section headlined "Uses of Force." (*See* ECF 7 at 15-16). In that section, plaintiff alleged that officers Smith, Martini and Piazza were involved in spraying him with mace. (*See id.*) Thereafter, in his "Claims for Relief," plaintiff alleged that Officers Martini, Piazza and Sgt. Smith violated his Eighth Amendment rights by spraying him with mace. (*See id.* at 44). This Court permitted plaintiff's Eighth Amendment claims against these three officers to proceed past screening. (*See* ECF 10 at 2).

With respect to retaliation, plaintiff alleged that Sgt. Smith encited other officers to retaliate against him. (*See* ECF 7 at 45). Plaintiff's retaliation claim was also proceeded, but only against Smith because that is the only officer plaintiff alleged with any specificity who specifically retaliated against plaintiff. (*See* ECF 10 at 3). Because plaintiff's amended complaint does not specifically allege that officers Martini and Piazza used mace against plaintiff to retaliate against him, this Court did not "overlook" proceeding a retaliation claim against other officers based on what was specifically alleged in the amended complaint. Therefore, plaintiff's motion for reconsideration is denied.

B. Request to Appoint Counsel

Plaintiff has also requested the appointment of counsel. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson,* 126 F.3d 454, 456–57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir. 1993). In

determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155–56, 157 n. 5; *see also Cuevas v. United States,* 422 F. App'x 142, 144–45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors). The power to appoint counsel lies solely with the discretion of this Court. *See Parham,* 126 F.3d at 457.

Many of plaintiff's claims have made it past screening. However, based on considering the other factors outlined above, this Court denies plaintiff's motion for the appointment of pro bono counsel without prejudice at this time.

### III. CONCLUSION

For the reasons stated above, plaintiff's motion for reconsideration is denied and his request for the appointment of pro bono counsel is denied without prejudice. An appropriate order will be entered.

DATED: December 11, 2019

PETER G. SHERIDAN
United States District Judge

4