UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIAN GUILLE,<br><br>          *Plaintiff,*<br><br>v.<br><br>STEVEN JOHNSON, et al.,<br><br>          *Defendants.* | Civil Action No.:<br>3:18-cv- 01472-PGS-ZNQ<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

Presently before the Court is Plaintiff's Motion for a Preliminary Injunction and a Temporary Restraining Order (TRO). (ECF No. 70). This Court heard oral argument on January 21, 2020. For the reasons stated below, Plaintiff's motion is denied.

I.

To obtain preliminary injunctive relief, the moving party must demonstrate: (1) a reasonable likelihood of success on the merits; (2) irreparable injury if the requested relief is not granted; (3) the granting of preliminary injunction will not result in greater harm to the non-moving party; and (4) the public interest weighs in favor of granting the injunction. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017); *GJJM Enters., LLC v. City of Atl. City*, 293 F. Supp. 3d 509, 517 (D.N.J. 2017). The Third Circuit has explained that "a movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly*, 858 F.3d at 179. These two factors serve as a "gateway" for the remaining two factors. *Id.*

1

II.

By way of background, on July 30, 2019, Plaintiff Adrian Guille, an inmate at New Jersey State Prison (NJSP), filed his first motion for a preliminary injunction in which he sought an immediate transfer out of NJSP. (ECF No. 35-1, at 6-7). On September 9, 2019, a hearing was held. At the hearing, the Defendant, Department of Corrections, presented various exhibits and testimony from three witnesses. The exhibits included Plaintiff's medical records, Plaintiff's disciplinary records, video of a routine August 5, 2019 inspection of Plaintiff's cell, and photographs of numerous weapons that Plaintiff had engineered into sharp objects and that corrections officers recovered from his cell. Major Craig Sears testified regarding Plaintiff's history and habit of making weapons, and the various additional security measures that this conduct necessitates. David Richards, Associate Administrator of New Jersey State Prison, testified that the Prison is the only facility in New Jersey capable of housing Plaintiff given his maximum-security custody status. As a result, the Court denied Plaintiff's motion for a preliminary injunction and temporary restraining order. (ECF No. 53). One of my findings was that Plaintiff's testimony lacked credibility.

In this motion for a preliminary injunction, Plaintiff asserts several arguments; but one argument he alleges is that he "was severely beaten by several officers who took turns beating him." (ECF 70, at 3). In response, the Defendants submitted reports that document the incident, which are entirely different than Plaintiff's version of events. Evidently, Guille was being escorted to a shower area. As several officers were applying handcuffs, Guille slashed the left side of Officer Bennett's face with a weapon that was later recovered from the floor. (ECF 74-1, pp. 681, 690, 713). Officer Bennett was treated for the wound (10 stitches) and a fractured left wrist. Obviously, the Corrections Officers used force to regain control. Here, as in the first motion for

an injunction, there is a dispute as to the facts. Plaintiff cannot demonstrate a likelihood of success on the merits because of these factual disputes.

III.

As noted above, the only relief Plaintiff seeks is to require the Department of Corrections to transfer him to another prison facility. Plaintiff believes that such a transfer is feasible because he was previously relocated from a prison in Montana to New Jersey[1].

In this case, Plaintiff is not entitled to incarceration in any particular prison within the State of New Jersey, let alone one outside of New Jersey, because it is well-established that an inmate does not have a constitutionally-protected liberty interest in a prison transfer, or that he or she will be incarcerated in a particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Velasquez v. Diguglielmo*, 516 F. App'x 91, 97 (3d Cir. 2013); *Ball v. Beard*, 396 F. App'x 826, 827 (3d Cir. 2010). "Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." *Olim*, 461 U.S. at 245. Accordingly, Plaintiff's motion to be transferred to another prison is denied.

An injunction is an extraordinary remedy that is granted rarely. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014). Here, where the facts are in dispute and the law is against the imposition of such a remedy, the injunction is denied.

**ORDER**

This matter, having come before the Court on Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 70), and the Court having carefully reviewed and

---

[1] At the September 9, 2019 hearing, the Department of Corrections provided credible testimony on this subject.

taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 23rd day of January, 2020,

**ORDERED** that Defendant's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 70) is **DENIED**. The Clerk of the Court is directed to a mail a copy of this order to Plaintiff Adrian Guille.

                                                PETER G. SHERIDAN, U.S.D.J.