UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| ADRIAN GUILLE, | : |
| --- | --- |
| Plaintiff, | : Civ. No. 18-1472 (PGS) (ZNQ) |
| v. | : |
| STEVEN JOHNSON, et al., | : OPINION |
| Defendants. | : |

**PETER G. SHERIDAN, U.S.D.J.**

## I. INTRODUCTION

Plaintiff Adrian Guille (hereinafter "Plaintiff" or "Guille") is proceeding *pro se* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. Presently pending before this Court is Guille's request to amend his amended complaint. (*See* ECF 76-2). For the following reasons, Guille's request will be granted in part and denied in part.

## II. BACKGROUND

This Court proceeded on several of Guille's claims in his amended complaint arising from his incarceration as a state inmate at the New Jersey State Prison. Among the defendants who remained in this case was Steven Johnson, the administrator of the New Jersey State Prison. (*See* ECF 7 at 8). This Court construes Guille's amended complaint as bringing both official and individual capacity claims against Steven Johnson. To date, it does not appear that Steven Johnson has ever been served.

On January 23, 2020, Guille filed a request to amend his amended complaint. (*See* ECF 76-2). Guille's request is two-fold. First, Guille seeks to add Bruce Davis as a defendant in this action because he has replaced Steven Johnson as the administrator of the New Jersey State

Prison. (*See* ECF 76-2 at 1). Second, Guille seeks to add two additional defendants, namely Marcus O'Hicks and Donna McSweeney. (*See id.* at 2). According to Guille, the addition of these two defendants is necessary because they are the individuals who have the authority to transfer him out of the custody of the New Jersey Department of Corrections and out of the State of New Jersey as a whole. (*See id.*)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." However, a request to amend the complaint may be denied where there is undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

### IV. DISCUSSION

A. <u>Replacement of Steven Johnson with Bruce Davis on Official Capacity Claims</u>

Federal Rule of Civil Procedure 25(d) states that, "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." As noted above, Guille's claims against Steven Johnson are against him in both his official and individual capacities. Accordingly, the Clerk will be ordered to add Bruce Davis as a defendant in this caption considering Rule 25(d). Given that Steven Johnson has never been served, Guille will have to serve Davis if he wishes to proceed with his official capacity claims initially brought against Steven Johnson. Furthermore, because the amended complaint contains

individual capacity claims against Steven Johnson, Steven Johnson shall also remain as a defendant in this case.

B. Marcus O'Hicks & Donna McSweeney

Guille also seeks to amend his amended complaint by adding Marcus O'Hicks, Commissioner for the New Jersey State Prison, and Donna McSweeney, Interstate Compact Coordinator for the New Jersey State Prison. (*See* ECF 76-2 at 2). Guille alleges these two defendants need to be added so that they can properly effectuate his transfer out of the New Jersey Department of Corrections' custody and out of the State of New Jersey. (*See id.*)

Initially, as a procedural matter, Guille's request to add these two defendants failed to comply with Local Civil Rule 15.1(a). Guille did not include a copy of an all-inclusive second amended complaint. This alone is enough to deny his request to add these two defendants. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("failure to submit a draft amended complaint is fatal to a request for leave to amend") (citations omitted).

Nevertheless, this Court also finds that Guille's request to amend his amended complaint to add O'Hicks and McSweeney as defendants fails for yet another non-procedural reason. As noted above, Guille seeks to add O'Hicks and McSweeney as defendants so that he can proceed on an injunctive relief claim to be transferred outside of the New Jersey Department of Corrections custody and outside of the State of New Jersey. However, as this Court noted in a prior opinion denying Guille's motion for a preliminary injunction:

> Plaintiff is not entitled to incarceration in any particular prison within the State of New Jersey, let alone one outside of New Jersey, because it is well-established that an inmate does not have a constitutionally-protected liberty interest in a prison transfer, or that he or she will be incarcerated in a particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Montanye v. Haymes*,

3

427 U.S. 236, 242 (1976); *Velasquez v. Diguglielmo*, 516 F. App'x 91, 97 (3d Cir. 2013); *Ball v. Beard*, 396 F. App'x 826, 827 (3d Cir. 2010). "Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." *Olim*, 461 U.S. at 245.

(*See* ECF 77 at 3). Accordingly, Guille's request to add these two defendants can also be denied because such an amendment would be futile because his allegations fail to state a claim against O'Hicks and McSweeney upon which relief could be granted.

## V. CONCLUSION

For the foregoing reasons, Guille's request to amend his amended complaint is granted in part and denied in part. Guille's request to substitute Bruce Davis for Steven Johnson on his official capacity claims against Steven Johnson is granted. Guille's request to add Marcus O'Hicks and Donna McSweeney as defendants in this action is denied without prejudice. An appropriate order will be entered.

DATED: ~~February~~ March 2, 2020

_____
PETER G. SHERIDAN
United States District Judge