UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ADRIAN GUILLE,

    Plaintiff,

v.

STEVEN JOHNSON, et al.,

    Defendants.

Civ. No. 18-1472 (PGS) (ZNQ)

**OPINION**

**PETER G. SHERIDAN, U.S.D.J.**

## I. INTRODUCTION

Plaintiff Adrian Guille (hereinafter "Plaintiff" or "Guille") is a state inmate incarcerated at the New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court screened the amended complaint and permitted several of Guille's claims to proceed past screening against numerous defendants. Among the claims proceeded were excessive force, conditions of confinement, retaliation, and being deliberately indifferent to Guille's serious medical needs. Presently pending before this Court is Defendants' Alexander Loizos, Sean Patterson, David Richards, Erik Pedre, Brian Perkins, Amy Emrich, Gilbert Christmas, Rory Payne, Kyle Jenkins, Joseph Piazza, Christopher Zetti, Frank Martinez, Ronald Walls, Robert Martini, Mark Valleau and Frederick Harris (hereinafter the "Moving Defendants") motion to dismiss Guille's amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Moving Defendants' motion to dismiss will be granted in part and denied in part.

## II.     BACKGROUND

This Court discussed the proceeded claims in its May 13, 2019 opinion. (*See* ECF 10). The claims proceeded were as follows:

1. Excessive force by Martini, Piazza and Smith against Guille in his cell.
2. Excessive force by Smith against Guille in the elevator.
3. Eighth Amendment violation when Smith and others refused to permit Guille to decontaminate from pepper-spray.
4. Conditions of confinement claims against Mr. Johnson, Patterson, Smith, Martini, Piazza, Brodzinski, Pedre and Jenkins.
5. Retaliation claim against Smith.
6. Claim against Smith and Steven Johnson arising from contaminated drinking water.
7. Condition of confinement claim against Steven Johnson, Richards, Royce and Emrich for failing to remedy vermin situation.
8. Deliberate indifference to Guille's serious medical needs against Smith.
9. Claim against "every officer" for failure to feed him over a six-week period.
10. Deliberate indifference to Guille's serious medical needs against unknown medical personnel and "pill-pass nurses."

After receiving an extension of time to file a response to the amended complaint, Moving Defendants filed a motion to dismiss on October 15, 2019. (*See* ECF 61). Guille filed a response in opposition to the motion to dismiss on December 13, 2019. (*See* ECF 69). Moving Defendants did not file a reply. The motion is now ready for adjudication.

### III. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A court conducts a three-part analysis to make this determination. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* Additionally, it is worth noting that "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

### IV. DISCUSSION

Moving Defendants make three arguments in their motion to dismiss. First, they argue that the official capacity claims against them should be dismissed because they are not "persons"

amenable to suit under 42 U.S.C. § 1983. Second, Moving Defendants assert that the official capacity claims against them must be dismissed because they are immune from suit under the Eleventh Amendment. Finally, defendants Christmas, Payne, Zetti, Walls and Harris argue that the individual capacity claims against them should be dismissed because Guille failed to allege their personal involvement. Each of these arguments will be considered in turn.

A. "Persons" under Section 1983 and Eleventh Amendment Immunity

Guille's claims against the Moving Defendants for monetary damages in their official capacities will be dismissed with prejudice. Indeed, a state official sued in his official capacity for monetary damages is not a "person" for purposes of Section 1983. *See House v. Fisher*, No. 14-2133, 2016 WL 538648, at *7 (M.D. Pa. Feb. 11, 2016) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-71 (1989)); *Goode v. New Jersey Dep't of Corr.*, No. 11-6960, 2015 WL 1924409, at *10 (D.N.J. Apr. 28, 2015) (state officials sued in official capacities for monetary damages are not "persons" within meaning of Section 1983); *Johnson v. Mondrosch*, No. 13-3461, 2013 WL 12085239, at *3 (E.D. Pa. Dec. 3, 2013) (same). Additionally, "[i]ndividual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

However, Guille's complaint also seeks injunctive relief. (*See* ECF 7 at 51). Indeed, with respect to the Moving Defendants, Guille makes clear in his response to the motion to dismiss that he has claims for injunctive relief against Richards and Emrich in their roles as supervisors.[1] (*See* ECF 69 at 1-2).

---

[1] Guille states that he is also bringing his claims for injunctive relief against other defendants besides Richards and Emirch. (*See* ECF 69 at 1-2). This Court though need not discuss Guille's

4

> "[O]fficial-capacity actions for prospective relief are not treated as actions against the state." *Will,* 491 U.S. at 71 n. 10, 109 S. Ct. 2304 (quoting [*Kentucky v.*] *Graham,* 473 U.S. [159] at 167 n. 14, 105 S. Ct. 3099 [(1985)]); *see also Ex parte Young,* 209 U.S. 123, 159–160, 28 S. Ct. 441, 52 L. Ed. 714 (1908). A state official against whom prospective injunctive relief is sought, then, does not partake of the State's sovereign immunity under the Eleventh Amendment, and is considered a "person" for purposes of Section 1983.

*Grohs v. Yatauro*, 984 F. Supp. 2d 273, 281 (D.N.J. 2013). Accordingly, this Court will not dismiss Guille's official capacity claims against Richards and Emrich requesting injunctive relief.

B. <u>Lack of Personal Involvement of Defendants Christmas, Payne, Zetti, Walls and Harris</u>

With respect to Guille's claims against the Moving Defendants in their individual capacities, only Defendants Christmas, Payne, Zetti, Walls and Harris argue that the individual capacity claims against them should be dismissed because Guille failed to allege their personal involvement in any of his proceeded claims. Personal involvement of the defendants is necessary to sustain a Section 1983 claim. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also In re Bayside Prison Litig.*, No. 97–5127, 2007 WL 327519, at *5 (D.N.J. Jan. 30, 2007). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. *See Rode*, 845 F.2d at 1207; *see also Baker v. Monroe Twp.*, 50 F.3d 1186, 1190–91 (3d Cir. 1995); *Jackson v. Camden Cnty. Corr. Facility*, No. 12–7538, 2013 WL 1844636, at *3 n.1 (D.N.J. Apr. 29, 2013).

Guille alleges his amended complaint does allege personal involvement of these five defendants because this Court permitted a claim to proceed that alleged that "every officer"

---

claims against those other supervisory defendants in this opinion as they are not parties to the motion to dismiss.

failed to feed him over a six-week period. (*See* ECF 10 at 5). Guille's alleges as follows in his amended complaint:

> Also, for several weeks plaintiff was denied the vast majority of meals by each and every officer that worked on plaintiff's housing unit.
>
> Plaintiff cannot recall exactly which meals or which days he was deprived of food although plaintiff believes he received approximately five meals over the span of six weeks.
>
> At meal delivery times plaintiff was regularly given empty food cartons.

(ECF 7 at 18).

This Court finds that the amended complaint fails to state the personal involvement of defendants Christmas, Payne, Zetti, Walls and Harris. Indeed, the complaint fails to allege that these five defendants worked on Guille's housing unit during the six weeks he was purportedly denied food. Furthermore, and most importantly, the complaint is silent that any of these five defendants had any personal knowledge that Guille was being denied food. Accordingly, this Court will dismiss Guille's individual capacity claims against Christmas, Payne, Zetti, Walls and Harris without prejudice for failure to state a claim upon which relief may be granted.

V. **CONCLUSION**

For the foregoing reasons, Moving Defendants' motion to dismiss (ECF 61) is granted in part and denied in part. Guille's claims against Defendants Alexander Loizos, Sean Patterson, Erik Pedre, Brian Perkins, Gilbert Christmas, Rory Payne, Kyle Jenkins, Joseph Piazza, Christopher Zetti, Frank Martinez, Ronald Walls, Robert Martini, Mark Valleau and Frederick Harris in their official capacities are dismissed with prejudice. Guille's claims against Defendants David Richards and Amy Emrich in their official capacity for monetary damages are dismissed with prejudice. Guille's claims for injunctive relief against Defendants David Richards

and Amy Emrich are not dismissed. Guille's claims against defendants Gilbert Christmas, Rory Payne, Christopher Zetti, Ronald Walls and Frederick Harris in their individual capacities are dismissed without prejudice for failure to state a claim. In light of the dismissal with prejudice of Guille's claims against Defendants Gilbert Christmas, Rory Payne, Christopher Zetti, Ronald Walls and Frederick Harris in their official capacities and the dismissal of Guille's individual capacity claims against these five Defendants without prejudice, these five defendants are terminated from this action.[2] An appropriate order will be entered.

DATED: March 30, 2020                         *s/Peter G. Sheridan*
                                                               PETER G. SHERIDAN, U.S.D.J.

---

[2] Because this Court presumes that Guille is proceeding with individual capacity claims against the remaining eleven Moving Defendants (as well as the fact that Guille's official capacity claims against Richards and Emrich are not being dismissed), the remaining eleven Moving Defendants remain in this case.