UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ADRIAN GUILLE,

        *Plaintiff*,

v.

STEVEN JOHNSON, et al.,

        *Defendants*.

Civil Action No.:
3:18-cv-01472-PGS-ZNQ

MEMORANDUM AND ORDER

    Presently before the Court is pro se Plaintiff Adrian Guille's motions for a preliminary injunction and temporary restraining order (ECF Nos. 83, 97), and a motion for an order to show cause (ECF No. 94). This Court heard oral argument on November 17, 2020. For the reasons stated below, Plaintiff's motions are denied.

I.

    By way of background, an evidentiary hearing was held in August 2019 concerning a prior motion for a preliminary injunction.[1] (ECF No. 54.) At that time, the Court issued an Order that the Defendants show cause why the Department of Corrections could not place Guille in a secure location and that he be provided adequate medication. (ECF No. 44.) At the hearing, Defendants presented three witnesses – Major Craig Sears, Dr. Brewer, and Associate Administrator David Richards. Guille testified on his own behalf. A number of exhibits were entered into evidence, including Plaintiff's medical records, Plaintiff's disciplinary records, a video of a routine inspection of Plaintiff's cell dated August 5, 2019, and photographs of numerous self-made

---

[1] As such, I reviewed the transcript of the prior hearing when deliberating on the motions at hand. Defendants also submitted a certification by Major Craig Sears as part of their defense of the present motions, which includes references to the August 2019 hearing. (ECF No. 89-1.)

1

weapons that were recovered from Guille's cell[2]. Major Sears testified regarding Plaintiff's conduct, and his practice of making sharp weapons and hiding them in unexpected locations in his cell. He also testified about the various security measures undertaken to counter Guille's activities. (ECF No. 89-1 ¶¶ 4-6.) In addition, David Richards, Associate Administrator of New Jersey State Prison, testified that the prison where Guille is housed is the only facility in New Jersey capable of housing Plaintiff given his maximum security custody status. (ECF No. 89.) At the hearing, Guille argued that he should be transferred to a prison in the State of Montana, that he should be provided an inhaler for his allergies, and that he be adequately fed. All relief was denied.

II.

Although Guille's requests for injunctive relief change frequently in this motion (ECF No. 83), he has listed four "new claims." Those "new claims" are addressed herein. They are (1) when Guille is having an asthma attack, there is no response from corrections officers; (2) lack of recreational opportunities; (3) lack of access to a telephone; and (4) his cell is illuminated 25 hours per day causing him problems with sleeping. More specifically, Guille alleges that he suffers with asthma, and on occasion he endures an asthma attack. When such an attack occurs, Guille needs immediate treatment, but sometimes no corrections officers will respond; or if one does respond, the officer will advise Guille to sign up for a medical appointment to obtain treatment. Guille alleges that if an inhaler was immediately provided, it would substantially ameliorate his symptoms.

---

[2] At the August 2019 hearing, Guille sought to enter certain documents into evidence; but he did not possess them at the time. Guille indicated that he previously filed them with the Clerk's Office. After the hearing, the documents were located, and I reviewed them (ECF No. 43 (attachments)). In this motion (ECF No. 83), Guille argues in his introductory statements that I acted arbitrarily by failing to review them. I reviewed them after the hearing, but I gave these documents little weight.

The State has submitted two certifications in opposition to this motion from Dr. Ihuoma Nwachukwu, M.D. (ECF No. 90) and Major Craig Sears. (ECF No. 89-1.) Dr. Nwachukwu reviewed Guille's medical records, especially with regard to Guille's treatment for asthma. Dr. Nwachukwu noted that Guille is treated with Montelukast, given once per day; Symbicort, a maintenance inhaler, administered twice per day; and Xopenex, a rescue inhaler used as needed, every 4-6 hours. (ECF No. 90, ¶ 5.) Dr. Nwachukwu's also noted that Guille does not comply with this dosage, and has refused his medication on many days.

Major Sears certified to many of the facts that were presented at the prior hearing (Section I, *supra*). He certified that Guille is assigned to a highly secure area of the prison because of Guille's practice of making dangerous weapons from everyday items; and that Guille is rotated between two cells for security reasons. (ECF No. 89-1 ¶ 4.) That is, while one cell is searched for weapons, Guille is placed in the other cell. (*Id.* ¶ 5.) Furthermore, Major Sears emphasized that Guille is not permitted to possess an inhaler because Guille hones a sharp razor-like weapon from the materials of the inhaler. (*Id.* ¶ 7.) As a result, Guille may access asthma medications twice per day, and an emergency inhaler is secured near his cell to be used as needed. (*Id.* ¶ 6.) Major Sears further certified that on October 21, 2019, Guille slashed an officer across the face with a self-made weapon, and as a result, Guille was disciplined for the assault with a year of segregation, loss of phone privileges for a year, and a thirty-day loss of recreational privileges. (*Id.* ¶ 7.) Presently, Guille has recreation twice per week for 2.5 hours. (*Id.* ¶ 9.)

### III.

To obtain preliminary injunctive relief, the moving party must demonstrate: (1) a reasonable likelihood of success on the merits; (2) irreparable injury if the requested relief is not granted; (3) the granting of preliminary injunction will not result in greater harm to the non-moving

party; and (4) the public interest weighs in favor of granting the injunction. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017); *GJJM Enters., LLC v. City of Atl. City*, 293 F. Supp. 3d 509, 517 (D.N.J. 2017). The Third Circuit has explained that "a movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly*, 858 F.3d at 179. These two factors serve as a "gateway" for the remaining two factors. *Id.*

Here, the facts are in dispute. In the certifications submitted by Defendants, it is alleged that Plaintiff's violence necessitates restrictions on his access to an inhaler, and that his disciplinary punishment included the loss of recreation time and phone usage. Moreover, Major Sears notes that Guille may not be provided a food tray because of its material composition; but Guille is provided meals on Styrofoam plates that cannot be made into a weapon. Plaintiff's protracted time in solitary confinement, loss of recreation, and loss of phone privileges were imposed as a result of Guille's slashing of a corrections officer, and not some indiscriminate activity by Defendants. The Court already dismissed any claims regarding lighting as it is a condition reasonably related to a legitimate penological interest. *See Randolph v. Wetzel*, 987 F. Supp. 2d 605, 616 (E.D. Pa. 2013); (ECF No. 10.)

In order to impose injunctive relief, Plaintiff must demonstrate that he has a likelihood of succeeding on the merits of the case. Here, the certifications of Dr. Nwachukwu and Major Sears depicting Guille's medical and disciplinary history establish that Guille has failed to meet that standard.

4

**ORDER**

The Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause having been shown, and for all of the foregoing reasons,

IT IS on this 26th day of January, 2021,

ORDERED that Plaintiff's motions for preliminary injunction and temporary restraining order (ECF Nos. 83, 97) are DENIED; and it is further

ORDERED that Plaintiff's motion's for an order to show cause (ECF No. 94) is DENIED;

The Clerk of the Court is directed to a mail a copy of this order to Plaintiff Adrian Guille.

_____
PETER G. SHERIDAN, U.S.D.J.