UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIAN GUILLE,<br><br>             *Plaintiff,*<br><br>v.<br><br>STEVEN JOHNSON, et al.,<br><br>             *Defendants.* | Civil Action No.:<br>3:18-cv- 01472-PGS-TJB<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on *pro se* Plaintiff Adrian Guille's five pending motions: (1) motion for preliminary injunction and temporary restraining order (ECF No. 116); (2) motion for order to show cause for preliminary injunction and temporary restraining order (ECF No. 123); (3) motion for default judgment (ECF No. 127); (4) combined motion to add parties, produce docket sheet, and for default judgment (ECF No. 137) and; (5) combined motion for clarification, class certification, leave to amend, service of USM-285 forms, and renewed request for appointment of counsel (ECF No. 153). The Court heard oral argument on the motion for preliminary injunction and temporary restraining order on June 15, 2021 (ECF No. 125) and oral argument for all five motions on February 15, 2022 via telephone (ECF No. 163).

1

## I.

By way of background, Plaintiff is an inmate currently incarcerated at the New Jersey State Prison ("NJSP") who filed a civil rights complaint with this Court on February 1, 2018. (Complaint, ECF No. 1). On April 18, 2018, Plaintiff filed an amended complaint against numerous New Jersey State Department of Corrections employees, and alleging assorted constitutional violations. (Amended Complaint, ECF No. 7). On May 13, 2019, the Court screened Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B), and issued a memorandum and order dismissing select defendants from the case while allowing a portion of Plaintiff's claims to proceed. (Memorandum and Order, ECF No. 10). Notably, all proposed class claims were dismissed. *Id.* at ¶2.

## II.

On March 23, 2021, Plaintiff filed the first pending motion, seeking a preliminary injunction and temporary restraining order. He alleges that in the preceding six months, prison officials placed an "administrative block" on the prisoners' Lexis Nexis research terminal which prevents him from saving or printing documents. He therefore seeks a declaration that he (Plaintiff) "has a right to save, copy, and print his legal documents and research from the legal computer." (ECF No. 116). Further, he claims that Officers Green and Mottley, who are not

parties to this action, improperly confiscated his floppy disks containing legal research in the past.

On May 6, 2021, Defendants filed timely opposition which relies upon certifications from Major Craig Stevens and Associate Administrator David Richards of the NJSP. In substance, the certifications state:

> 1. NJSP Major Craig M. Sears certifies that no NJSP staff confiscated Plaintiff's floppy disks as it would otherwise have appeared in the prison's evidence log and confiscation report. (Certification of Major Craig M. Sears at ¶¶5-6, ECF No. 121-2).
>
> 2. Defendant NJSP Associate Administrator David Richards certifies that there is no administrative block in place and that Plaintiff's incarceration in a "highly secured unit" still entitles him to legal research at the legal terminal and further access through inmate paralegals and paper requests is permitted. (Certification of David Richards at ¶¶5-7, ECF No. 121-1).

To obtain preliminary injunctive relief, the moving party must demonstrate: (1) a reasonable likelihood of success on the merits; (2) irreparable injury if the requested relief is not granted; (3) the granting of preliminary injunction will not result in greater harm to the non-moving party; and (4) the public interest weighs in favor of granting the injunction. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017); *GJJM Enters., LLC v. City of Atl. City*, 293 F. Supp. 3d 509, 517 (D.N.J. 2017). The Third Circuit has explained

> a movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires

3

> a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief.

*Reilly*, 858 F.3d at 179.

These two factors serve as a "gateway" for the remaining two factors. *Id.* Furthermore, preliminary injunctive relief is not appropriate where there are disputed issues of fact. *See Gruntal & Co. v. Steinberg,* 843 F. Supp. 1, 16 (D.N.J. 1994) (citation omitted).

Because the facts here are in dispute, Plaintiff has not demonstrated a likelihood of success on the merits. Defendants' two certifications directly contradict Plaintiff's assertion that he "has absolutely no access to New Jersey state law[.]" (ECF No. 116 at 5).[1] Due to prior disruptive conduct,[2] Plaintiff is housed in a highly secured unit with additional restrictions beyond those of other units. Despite this, Plaintiff is still permitted access to Lexis Nexis research on the unit legal terminal and may request further assistance through inmate paralegals, satisfying the duty imposed on prison authorities to assist inmates in their access to

---

[1] At oral argument on February 15, 2022, Plaintiff expanded on the allegations within the motion, alleging that Lexis Nexis had in fact since been removed from the legal terminal entirely. (Feb. 15, 2022 Hearing T. 4:21-5:8). In response, Defendants denied the allegation that Plaintiff was barred from legal research in the newly alleged manner. *Id.* at 6:2-7.

[2] As part of Plaintiff's prior requests for injunctive relief, there was evidence that Plaintiff routinely made knife-like instruments from everyday materials, and on one occasion allegedly assaulted and severely injured a corrections officer with said weaponry. (Memorandum and Order at 3, ECF No. 109).

the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977). Plaintiff has simply not established a "relevant actual injury" that arose from the "alleged shortcomings in the library or legal assistance program [that] hindered his efforts to pursue a legal claim" which might otherwise substantiate an access to the courts claim. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (noting that an inability to file a complaint would constitute sufficient injury). Accordingly, Plaintiff's motion for preliminary injunction and temporary restraining order (ECF No. 116) is denied.

### III.

On May 26, 2021, Plaintiff filed the second pending motion, seeking an order to show cause for a preliminary injunction and temporary restraining order. (ECF No. 123). In it, Plaintiff raises new allegations of general harassment, food tampering, and obstruction of his phone privileges against non-parties Sergeant Morgan and Officers Kovacs and Nwachuku, occurring generally between May 1, 2021 and May 10, 2021. He also raises new claims against non-parties Marcus Hicks, Jonathan Gramp, and Defendant Raymond Royce, seeking "[a]nything [m]ore [t]han [n]othing" as relief. (ECF No. 123-1 at 19). Because these allegations depart from the underlying claims of Plaintiff's amended complaint and include non-party individuals, Plaintiff's motion is denied.

Within this District:

5

> It is axiomatic that a preliminary injunction does not provide relief for a new or different claim than the claims in the complaint. *See, e.g., Bronson v. Houdeshell*, 2007 WL 1098962, at *1 (M.D. Pa. Apr. 11, 2007) (citing 43A C.J.S. Injunctions § 8 (1978)). Courts in this circuit have denied emergent relief when the "request for injunctive relief is [ ] targeted at potential conduct that bears no relation to his underlying claim." *Martin v. Keitel*, 205 Fed. Appx. 925, 929 (3d Cir. 2006); *see also Schwartz v. United States DOJ*, 2007 WL 2916465 (D.N.J. Oct. 4, 2007) (denying injunctive relief because plaintiff failed to demonstrate that the "preliminary injunction relates to the subject-matter of the underlying complaint"); *Glazewski v. Corzine*, 2008 WL 2915482, at *1 (D.N.J. Jul. 25, 2008) (denying motion for a preliminary injunction where the nature of the claims were similar to those asserted in the underlying complaint but involved different defendants and different facilities).

*Malcolm v. Bray*, 2020 WL 1694604, at *2 (D.N.J. Apr. 7, 2020). In *Malcolm*, the court denied a prisoner's request for injunctive relief where new allegations of improper shackling were distinct from the claims of deliberate indifference and conditions of confinement that he raised in his original complaint. *See id.* at *5-6. Further, the prisoner had asserted the new allegations against individuals not named as defendants in the original complaint. *Id.* Here, the motion is denied because: (1) it asserts new allegations against non-party individuals;[3] (2) at a different time from other events asserted in the amended complaint; and (3) it concerns issues not addressed in the current amended complaint.

---

[3] Although Raymond Royce was named as a defendant in the amended complaint, the docket indicates that he has yet to be properly served after the issued summons was returned unexecuted on June 28, 2019. (ECF Nos. 19, 23).

## IV.

In Plaintiff's motion for default judgment (ECF No. 127), Plaintiff argues that Defendants failed to file a timely response to the motion for preliminary injunction (ECF No. 163) that was dismissed above. As the Court recalls, the Court held a telephone conference with the parties on April 6, 2021 and issued a scheduling order wherein Defendants' opposition was due by May 6, 2021 and Plaintiff's reply was due by June 7, 2021. (ECF No. 118). On May 6, 2021, Defendants filed timely opposition, and as such, the motion is denied.

## V.

On September 21, 2021, Plaintiff filed a fourth motion, seeking leave to amend his complaint by adding as defendants the New Jersey Department of Corrections, Officer Green, and Defendant Raymond Royce. (ECF No. 137). Plaintiff also requests a copy of the docket sheet and again seeks default judgment on his prior motion (ECF No. 116). Plaintiff argues that because the Court heard oral argument on June 15, 2021 and had not yet issued a decision, the Court had "essentially abdicated its jurisdiction" and that default judgment is appropriate. *Id.* at 3.

With regard to Plaintiff's motion for default judgment, the Court did not "abdicate its jurisdiction," and the requested relief is denied.

Next, the Court considers Plaintiff's request for leave to add parties. "Generally, district courts should grant leave to amend 'freely ... when justice so requires." *Laspina v. SEIU Pa. State Council*, 985 F.3d 278, 291 (3d. Cir. 2021) (citing Fed. R. Civ. P. 15(a)(2)). "In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend." *Bejarano v. Hotel Exec. Suites*, 2015 U.S. Dist. LEXIS 163963, *5 (D.N.J. Dec. 4, 2015) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). Further, it "is well known that the courts have an obligation to construe the filings of *pro se* litigants liberally." *Lazar v. Town of W. Sadsbury*, 2021 U.S. Dist. LEXIS 113363, at *7 (E.D. Pa. June 17, 2021) (citing *Giles v. Kearny*, 571 F.3d 318, 322 (3d Cir. 2009)).

This case was initiated on February 1, 2018. It is four years old with no trial date in sight. To add parties will require additional time for discovery and motion practice. Under the circumstances, granting a motion to add parties will unreasonably delay the litigation, and prejudice the Defendants. As such, the motion is denied.

To the extent Plaintiff seeks a copy of the docket sheet, I will direct my Court Clerk to forward one together with a copy of this Memorandum and Order.

o

## VI.

On November 10, 2021, Plaintiff filed a motion to certify class.[4]

In its original screening order, the Court found that Plaintiff lacked standing to assert claims on behalf of other prisoners and that Plaintiff had not demonstrated that he would be an adequate class representative under Fed. R. Civ. P. 23. For a pro se litigant to represent a class is not viable. The Court thereafter dismissed all claims brought on behalf of the proposed class without prejudice. (ECF No. 10 at ¶2) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Maldonado v. Terhune*, 28 F. Supp. 2d 284, 288 (D.N.J. 1998)). Here, the Court sees nothing in the record warranting a different decision. Plaintiff may proceed on his individual claims, but his motion seeking certification of a class is denied.

## ORDER

This matter having come before the Court on *pro se* Plaintiff Adrian Guille's five motions; and the Court having considered the submissions of the parties; and for good cause having been shown;

IT IS on this 29th day of March, 2022;

---

[4] This motion and several requests including (a) clarification of the Magistrate Judge's scheduling order; (b) appointment of counsel; (c) service of USM 285 forms, were addressed by Judge Bongiovanni. (ECF No. 152, 160).

ORDERED, that the motion for preliminary injunction and temporary restraining order (ECF No. 116) is denied; and it is further

ORDERED that the motion for order to show cause for preliminary injunction and temporary restraining order (ECF No. 123) is denied; and it is further

ORDERED that the motion for default judgment (ECF No. 127) is denied; and it is further

ORDERED that combined motion to add parties, and to enter default judgment (ECF No. 137) is denied; and it is further

ORDERED that the combined motion for clarification, class certification, leave to amend, service of USM-285 forms, and renewed request for appointment of counsel (ECF No. 153) is denied.

The Clerk is directed to send by first class mail a copy of this Memorandum and Order together with a complete docket sheet.

                                                  */s/ Peter G. Sheridan*
                                            PETER G. SHERIDAN, U.S.D.J.